711 P.2d 701 (1985)
The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of J.R., J.R., and T.R., Children,
And Concerning B.J.R., Respondent-Appellant.
No. 84CA1105.
Colorado Court of Appeals, Div. I.
November 7, 1985.
*702 James M. Downey, Asst. Co. Atty., Boulder, for petitioner-appellee.
Croak & Letofsky, Thomas E. Croak, Longmont, Guardian Ad Litem.
Greene & Meyer, Elizabeth Meyer, Boulder, for respondent-appellant.
PIERCE, Judge.
This is an appeal by the mother, B.J.R., from a district court order terminating the parent-child legal relationship between herself and her three children. We affirm.
The three children were adjudicated dependent and neglected in 1979. Since then, several motions seeking termination of B.J.R.'s parent-child legal relationship have been filed. The motions have been denied until the latest one which was filed in December 1983, and granted in May 1984. The record shows that the mother has a history of mental illness, and has been diagnosed for many years as a paranoidschizophrenic, although she does experience periods of "wellness."
The trial court granted the motion to terminate the parent-child legal relationship based on findings that an appropriate treatment plan had been adopted by the court and was not successful, that the mother is unfit, and that her condition is *703 unlikely to change within a reasonable time. See § 19-11-105(1)(b), C.R.S. (1978 Repl.Vol. 8).

I.
B.J.R. first contends that the doctrine of res judicata bars the relitigation of claims between the People and herself which were merged into a previous court order denying the People's petition to terminate the parent-child relationship. We disagree.
In September 1983, the trial court did refuse a request for termination of B.J.R.'s parent-child rights; however, that decision was based on a determination that, at that time, there were insufficient facts presented to justify a termination. Such determination does not foreclose future termination of those rights, where, as here, an evidentiary hearing is held at which the People do meet their burden and show by clear and convincing evidence that the statutory criteria for termination presently exist. Cf. People in Interest of C.L.I., 710 P.2d 1183 (Colo.App.1985).
A denial of a motion to terminate parent-child legal relationships works to the benefit of the parent because it allows for revisions of a treatment plan making it more appropriate and allows for more opportunity for the parent to comply with the plan, as well as opportunity to achieve a reunion between the parent and the child which is in the best interest of the children.
Although the policy of limiting litigation is sound, that policy should not be applied so as to deprive the state in its role as parens patriae from seeking a resolution which will best serve the interests of the children. See Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396 (1973); see also People In the Interest of D.A.K., 198 Colo. 11, 596 P.2d 747 (1979).
In general, the protections afforded by the doctrines of res judicata and collateral estoppel are sustained in termination proceedings by the continued requirement that the state meet its evidentiary burden of proof before parental rights are terminated. See People in Interest of A.M.D., 648 P.2d 625 (Colo.1982); People in Interest of C.L.I., supra; People in Interest of M.C.C., 641 P.2d 306 (Colo.App.1982). The purpose of the doctrine of res judicata is to protect persons from vexatious or unnecessary relitigation that purpose was preserved here because the evidence presented was not remote and new evidentiary matters were at issue.
Further, we find no prohibition by statute or common law that would prohibit a trial court from considering information gleaned from previous hearings, in making its determinations of fact in resolving the motion at hand. See People In the Interest of D.A.K., supra. However, there should be, as there are here, sufficient additional facts to justify a trial court's change in its conclusions from a previous hearing at which it refused to terminate the parent-child legal relationship.

II.
B.J.R. next contends that she has been denied due process because: (a) the trial court was predisposed to terminate her parent-child relationship; (b) a treatment plan was not tailored to her condition; and (c) the court improperly interfered with the examination of witnesses. We disagree with these contentions.

A.
The record shows no bias or predisposition by the trial court. The trial court properly denied the motion to terminate in September 1983, based on insufficient evidence, and properly assessed the situation as one which requires a revised treatment plan, a regular schedule to see a psychiatrist, and a hearing in the near future. The record demonstrates careful court review of the treatment plan, a monitoring of B.J.R.'s progress by requesting regular reports from the guardian ad litem, and judicial fairness and patience in granting continuances at the request of both parties.

B.
B.J.R. complains that the treatment plan was not predicated on her "wellness" *704 nor her particular situation. The record indicates that regular visitation times were set up and coordinated with the social services department and the mother and that every courtesy and cooperation was extended to her to allow visitation with her children, including offers to provide transportation which she rejected.
The appropriateness of a plan can only be measured by examining the likelihood of the successful reuniting of parents with their children. People in Interest of B.J.D., 626 P.2d 727 (Colo.App.1981). Here, the required psychiatric help and the arrangement of regular visits with the children were realistic and not improper nor inoperable. The focus of these requirements was that a reuniting be accomplished for the best interests of the children. Such interests cannot be met if visits preceding the reunion are held only when the parent is "well," with no assurance that parent's "wellness" will continue. We therefore find the treatment plan to have been appropriate.

C.
B.J.R.'s contention regarding the interference by the court lacks merit. The record indicates that the trial court here was well within its right to interrogate witnesses. See CRE 614.

III.
B.J.R. finally contends that the evidence was insufficient to support the termination of her parent-child relationship. We disagree.
Considering only the testimony and other evidence which related to the period from September 1983, when the previous motion to terminate was denied, to the May 1984 hearing, we conclude the evidence was sufficient to show by clear and convincing proof that B.J.R.'s parent-child relationship should be terminated.
The record supports the trial court's finding that the treatment plan was not successful. First, a significant number of the visits were cancelled or did not take place at the fault of B.J.R. Second, even when visits did take place, the supervisors indicated that she did not relate well to her children and had difficulty in recognizing their needs. These facts, coupled with her history of mental illness which showed no likelihood of abatement in the near future, were sufficient to support the ultimate conclusion by the trial court that she lacked the ability to parent effectively or to provide for the emotional and physical needs of the children, that she was unfit, and that the treatment plan was not successful.
The judgment is affirmed.
KELLY and BABCOCK, JJ., concur.