*In re* KOERNKE ESTATE

Docket No. 95485. Submitted July 21, 1987, at Lansing. Decided June 20, 1988. Leave to appeal applied for.

   The Department of Treasury and the Department of Mental Health filed a petition in the Washtenaw County Probate Court against Albert O. Koernke, personal representative of the estate of Anna Koernke, deceased, seeking reimbursement for expenses incurred in the support and maintenance of the deceased while she was a patient at Ypsilanti State Hospital. The probate court, John N. Kirkendall, J., ruled that petitioners' claim was barred by res judicata based on a prior petition for reimbursement filed against the deceased's guardian while the deceased was still living, which petition had been voluntarily dismissed. Petitioners appealed.

   The Court of Appeals *held:*

   In order for a former judgment to be a bar, three requirements must be satisfied: (1) identity of subject matter; (2) identity of parties or privies; and (3) a judgment on the merits. In this case, where the subject matter of both petitions was the same, respondent is a privy to the guardian's interest in the subject matter, and the order of dismissal of the prior petition is presumed to be a disposition on the merits, all requirements were met for a proper application of res judicata.

   Affirmed.

1. JUDGMENTS — RES JUDICATA.

   In order for a former judgment to constitute a bar to a subsequent action, three requirements must be satisfied: (1) identity of subject matter; (2) identity of parties or their privies; and (3) a judgment on the merits.

2. JUDGMENTS — RES JUDICATA.

   The test for determining whether a second suit is for the same cause of action as an earlier one, for purposes of application of res judicata, is whether the same facts or evidence would sustain both actions.

REFERENCES

Am Jur 2d, Judgments §§ 394 *et seq.,* 406 *et seq.*
See the Index to Annotations under Judgments; Res Judicata.

3. JUDGMENTS — RES JUDICATA.

An order, complete on its face but silent as to "prejudice," is presumed to be a disposition on the merits.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman* and *Marci B. McIvor,* Assistant Attorneys General, for petitioners.

*Conlin, Conlin, McKenney & Philbrick* (by *John W. Conlin*), for respondent.

Before: DANHOF, C.J., and G. R. McDONALD and E. M. THOMAS,* JJ.

E. M. THOMAS, J. Petitioners appeal as of right from a probate court order dismissing petitioners' claim on the theory of res judicata. The claim was for reimbursement of the cost of caring for Anna Koernke while she was a patient at Ypsilanti State Hospital in the 1960s and early 1970s.

Anna Koernke died on August 7, 1985. Albert O. Koernke was appointed personal representative of her estate. For many years prior to her death, Anna Koernke was mentally incompetent and had a guardian, Ann Arbor Trust Company, to manage her estate. From 1960 until 1971 Anna Koernke was a patient at Ypsilanti State Hospital.

The State of Michigan filed a claim for reimbursement in 1970. In October, 1970, the probate court ordered that the Ann Arbor Trust Company pay $2,000 for past support and maintenance and that the claim be dismissed. The order did not state whether the dismissal was "with or without prejudice."

In 1971 the State of Michigan again filed a claim for reimbursement in the probate court. The pro-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

bate court issued an order, dated July 9, 1971, dismissing the petition when the guardian transferred the patient to a private facility. Again, this order did not state whether the dismissal was "with or without prejudice."

After Anna Koernke died, the State of Michigan filed a claim against her estate. The probate court held that the state's claim was barred under the principle of res judicata by the July 9, 1971, probate order. We affirm.

In order for a former judgment to be a bar, three requirements must be satisfied: (1) identity of subject matter; (2) identity of parties or their privies; and (3) a judgment on the merits. *Tucker v Rohrback,* 13 Mich 73, 75 (1864); *Curry v Detroit,* 394 Mich 327, 331; 231 NW2d 57 (1975). In the instant case there is some dispute on all three requirements but the main argument focuses on whether the July 9, 1971, dismissal was, or should be given the effect of, a judgment on the merits.

The test to be applied to determine if the subject matter of a second action is the same as that in a prior action is whether the facts are identical in both actions, or whether the same evidence would sustain both actions. If the same facts or evidence would sustain both, the two actions are considered the same for purposes of res judicata. *York v Wayne Co Sheriff,* 157 Mich App 417, 423; 403 NW2d 152 (1987).

Here, petitioners must establish, in both the 1971 petition and the present petition, that they have a right to be reimbursed for services rendered. There have been no new facts or changed circumstances on the issue of respondent's liability. Therefore, the first prong of the res judicata test is met.

As to the second prerequisite, the parties in the two actions are nominally different. The previous

claim was against Ann Arbor Trust Company, as guardian of the estate of Anna Koernke, mentally incompetent. The instant claim is against Albert Koernke, personal representative of the estate of Anna Koernke, deceased. However, Albert Koernke acquired his interest in the subject matter by succession after the death of Anna Koernke. Therefore, respondent Albert Koernke was a privy to the interests of the original respondent, and the second prerequisite for the application of the doctrine of res judicata was satisfied. *Sloan v Madison Heights,* 425 Mich 288, 295-296; 389 NW2d 418 (1986).

The last prong of the res judicata rule requires that the former adjudication must have been decided on the merits. It is undisputed that the 1971 dismissal was voluntary. A voluntary dismissal can constitute a decision on the merits. *Brownridge v Michigan Mutual Ins Co,* 115 Mich App 745, 748; 321 NW2d 798 (1982). However, the order in *Brownridge* specified that the dismissal was "with prejudice." The order in the instant case does not specify that it was either "with prejudice" or "without prejudice."

In 1971 the rules for the probate court were silent regarding the effect of an order which did not indicate whether it was with or without prejudice. Thus we turn to the common law and find that an order, complete on its face but silent as to "prejudice," is presumed to be a disposition on the merits. *Dalton v Mertz,* 197 Mich 390; 163 NW 912 (1917). Since the July 9, 1971, probate order does not state that it was "without prejudice," we must conclude that the order was a judgment on the merits. Consequently, res judicata bars petitioners from bringing their claim.

Affirmed.