*In re* PARDEE

Docket No. 128947. Submitted May 15, 1991, at Grand Rapids. Decided July 9, 1991, at 9:15 A.M.

The Charlevoix County Probate Court, Frederick R. Mulhauser, J., pursuant to a petition by the Department of Social Services, terminated the parental rights of William Pardee in a daughter, finding that the respondent had sexually abused the child, failed to timely rectify the conditions that led the court to assume jurisdiction of the child, and failed and was unlikely to provide proper care or custody of the child. An earlier petition for termination involving the same parties had been dismissed. The respondent appealed, claiming that res judicata barred the second termination proceeding, there was insufficient evidence to support termination, the probate court erred in admitting hearsay testimony relating the child's statements of sexual abuse, and the probate court failed to timely conduct the termination hearing.

The Court of Appeals *held:*

1. Res judicata bars a second proceeding where the subject matter and the parties or their privies are the same as those in the first proceeding and the prior judgment was entered pursuant to a decision on the merits. The subject matter is the same in both proceedings if the facts are identical or the same evidence would support both actions. In this case, res judicata did not bar the second termination proceeding because the subject matter of the two proceedings was not identical. The earlier proceeding concerned whether the respondent was likely to abuse the child in the future, and the second proceeding concerned whether the respondent had sexually abused the child in the past.

2. The probate court did not clearly err in finding that there was clear and convincing evidence in support of the termination of respondent's parental rights under MCL 712A.19b(3) (b),(c), and (d); MSA 27.3178(598.19b)(3)(b),(c), and (d).

3. The probate court did not clearly err in finding that hearsay testimony relating the child's statements of sexual abuse was admissible under MCR 5.972(C)(2). A statement made by a child under ten years of age describing abuse of the child not otherwise admissible as an exception to the hearsay rule

may be admitted at trial if, in a pretrial hearing, the probate court finds that the nature and circumstances surrounding the giving of the statement provide adequate indicia of trustworthiness and there is sufficient corroborative evidence of the act.

4. A termination of parental rights cannot be reversed on the basis that the termination hearing was not held within the time required by MCR 5.974(F)(1)(b); the court rule does not provide reversal as a sanction.

Affirmed.

*Kraag C. Lieberman,* Prosecuting Attorney, and *Karen L. Neumeyer,* Assistant Prosecuting Attorney, for Department of Social Services.

*Klevorn & Klevorn* (by *Kevin G. Klevorn*), for William Pardee.

Before: HOOD, P.J., and MCDONALD and FITZGERALD, JJ.

PER CURIAM. Respondent father appeals as of right from a March 30, 1990, order of the Charlevoix County Probate Court terminating his parental rights to his youngest daughter pursuant to MCL 712A.19b(3)(b), (c), and (d); MSA 27.3178(598.19b)(3)(b), (c), and (d). We affirm.

The daughter, her older sister, and her two brothers are the children of respondent and Debra Pardee. After the younger boy's birth, respondent and Debra divorced, and respondent married Susan Pardee.

In 1984, while respondent was still married to Debra, he was charged with first-degree criminal sexual conduct involving his older daughter. Respondent was incarcerated in the county jail after pleading guilty of fourth-degree csc. The older daughter was placed in foster care in May 1984, while the younger daughter and her two brothers remained with their mother, Debra. However, in 1985, Debra's custodial rights were suspended be-

cause of neglect and the three children were placed in foster care.

The younger daughter and the boys were returned to respondent and his second wife, Susan, in May 1987 after respondent had demonstrated successful personal counseling. On the basis of assurances by respondent's therapist that he was not likely to repeat the sexual abuse, the older daughter was reunited with her father in June 1988.

In January 1989, a new petition was filed requesting jurisdiction over the four Pardee children. The petition was subsequently amended twice to delete the two boys from the petition. This petition alleged that respondent had engaged in new incidents of sexual abuse of the older daughter and alleged that the younger daughter was neglected. Respondent pleaded no contest to the amended petition, and the court took jurisdiction of the two girls in February 1989. In July 1989, petitioner filed a supplemental petition, seeking termination of respondent's and Debra's parental rights to both daughters. The supplemental petition was amended in August, adding a charge that respondent had sexually abused the younger daughter.

The termination hearings on the supplemental petition were held in August and September 1989. Because the allegation of sexual abuse of the younger daughter was not part of the original petition, which sought the court's exercise of jurisdiction and to which respondent had pleaded no contest, the court ruled that petitioner was required to present legally competent evidence in support of this charge. Petitioner was unable to present such evidence and did not attempt to terminate respondent's parental rights to the younger daughter on the basis of actual sexual

abuse. At the conclusion of proofs, respondent voluntarily released his parental rights to the older daughter; accordingly, the court did not make any findings regarding respondent's parental rights to this child.

With respect to the termination of respondent's parental rights to the younger daughter, the court focused on two issues: (1) whether it was reasonably likely that respondent would sexually abuse her, being a sibling of a child who had been previously sexually abused by him; and (2) whether, without regard to intent, respondent would be able to provide her proper care and custody. The court found that the younger daughter was a severely emotionally disturbed child who exhibited destructive and antisocial behavior. Given that she lived in a succession of unsuitable and neglectful foster homes, the court could not conclude that her emotional problems were the result of living with her father. To the contrary, the court found, on the basis of the testimony, that the child's emotional behavior had improved while in the care of respondent and her stepmother. Further, the court found the evidence "inconclusive" with regard to whether respondent would be likely to sexually abuse her in the future. The court did not believe that the older daughter had been sexually abused between September and December of 1988 as alleged in the supplemental petition. After weighing all the evidence, the court determined that petitioner failed to meet its burden of presenting clear and convincing evidence that respondent was likely to sexually abuse the younger daughter in the future and that termination was not in her best interest. After concluding that termination of Debra's parental rights to her two daughters was not warranted, the court dismissed the supplemental petition for termination.

A second petition requesting termination of respondent's and Debra's parental rights to their younger daughter on the basis of neglect and actual sexual abuse was filed in November 1989. After the petition was supplemented in February 1990, seeking to terminate Debra's parental rights to her older daughter, Debra voluntarily released her parental rights to that daughter. At the March 1990 hearing on the second supplemental petition, only legally admissible evidence was permitted regarding the allegation of sexual abuse of the younger daughter, and, pursuant to MCR 5.972(C) (2), several witnesses were permitted to testify regarding the younger daughter's statements describing the various acts of sexual abuse.

On March 30, 1990, the court issued a lengthy opinion detailing its findings of fact with regard to each of the three statutory bases for termination. Specifically, the court found that the younger daughter had been sexually abused by respondent and concluded that the child could not be safely placed with respondent in the future. MCL 712A.19b(3)(b); MSA 27.3178(598.19b)(3)(b). In addition, the court found that the conditions that led to the adjudication continued to exist and that there was no reasonable likelihood that the conditions would be rectified within a reasonable time considering the child's age. MCL 712A.19b(3)(c); MSA 27.3178(598.19b)(3)(c). Regarding the third basis, the court again found clear and convincing evidence that respondent and Debra had been and are unable to provide the child proper care and custody. MCL 712A.19b(3)(d); MSA 27.3178(598.19b)(3)(d). Concluding that it was in the child's best interest, the court ordered that the parental rights of respondent and Debra be terminated.

On appeal, respondent contends that the doc-

trine of res judicata barred the second termination proceeding and that the trial court erred in ruling otherwise. In order for a prior judgment to operate as a bar to a subsequent proceeding, three requirements must be satisfied: (1) the subject matter of the second action must be the same; (2) the parties or their privies must be the same; and (3) the prior judgment must have been on the merits. *In re Koernke Estate,* 169 Mich App 397, 399-400; 425 NW2d 795 (1988).

While we agree with respondent that if these three requirements are met res judicata would operate as a bar to a second termination proceeding, we do not agree that the requirements were met in this case. Specifically, we conclude, on the basis of a thorough review of the record, that respondent has failed to establish that the subject matter of the first termination proceeding regarding his parental rights to the younger daughter was the same as that in the second proceeding. As explained by this Court in *Koernke, supra* at 399, the subject matter is the same in both proceedings if the facts are identical or the same evidence would support both actions. See also *Scott v Dep't of Social Services,* 76 Md App 357; 545 A2d 81 (1988). However, when the facts have changed or new facts develop, the dismissal of a prior termination proceeding will not operate as a bar to a subsequent termination proceeding. See, e.g., *In re John B,* 20 Conn App 725; 570 A2d 237 (1990); *Scott, supra; In the Interest of AS,* 12 Kan App 2d 594; 752 P2d 705 (1988); *In re Interest of VB,* 220 Neb 369, 371-372; 370 NW2d 119 (1985); *People in the Interest of JR,* 711 P2d 701, 703 (Colo App, 1985).

We recognize that respondent has a significant interest in protecting himself from repeated vexatious or unnecessary relitigation of issues which

the doctrine of res judicata is designed to prevent. *People in Interest of JR, supra.* Nevertheless, this doctrine cannot settle the question of a child's welfare for all time, nor prevent a court from determining at a subsequent time what is in the child's best interest at that time. *In re Interest of VB, supra* at 371-372. Moreover, res judicata should not be a bar to "fresh litigation" of issues that are appropriately the subject of periodic redetermination as is the case with termination proceedings where new facts and changed circumstances alter the status quo. *Scott, supra.*

In this case, the record reveals two important factors which lead us to conclude that res judicata did not operate as a bar to the subsequent termination proceeding. First, the prior petition pertaining to the younger daughter only addressed whether it was likely that respondent would sexually abuse her sometime in the future, not whether the child had been sexually abused by respondent in the past. Petitioner neither presented any legally admissible evidence of actual sexual abuse nor requested termination on this ground. Moreover, the trial court's conclusion that termination was not warranted was based in part on its finding that petitioner failed to establish by clear and convincing evidence that respondent would likely abuse the younger daughter sometime in the future.

Secondly, and more importantly, new evidence and changed circumstances justified the pursuit of the second termination proceeding, thus precluding the application of the doctrine of res judicata. The record reveals, and the trial court found, that the younger daughter had been sexually abused by respondent after the dismissal of the first termination proceeding. In addition, the child's emotional well-being began to deteriorate after being re-

turned to respondent's care in late 1989. Contrary to respondent's contention, the second termination proceeding was not based on "essentially" the same evidence, but was properly based on facts existing before the first proceeding and facts arising subsequent thereto. Accordingly, the trial court correctly determined that res judicata did not prevent it from adjudicating the merits of the second termination petition or from relying on the facts existing before the dismissal of the first petition.

Respondent next argues that the evidence presented was insufficient to support the probate court's finding that termination was warranted under MCL 712A.19b(3)(b); MSA 27.3178(598.19b) (3)(b). On appeal from a termination of parental rights proceeding, this Court reviews the probate court's findings of fact for clear error. MCR 5.974(I); *In re Cornet,* 422 Mich 274, 277; 373 NW2d 536 (1985). Such findings are clearly erroneous if, on review, we are left with a definite and firm conviction that a mistake has been made. *In re Miller,* 433 Mich 331, 337; 445 NW2d 161 (1989). In order to terminate parental rights, the probate court must find that at least one of the statutory grounds has been established by clear and convincing evidence, and the petitioner bears the burden of proving that termination is warranted. *In re Springer,* 172 Mich App 466, 473-474; 432 NW2d 342 (1988).

Having carefully reviewed the record and the probate court's detailed findings of fact, we are not left with a definite and firm conviction that a mistake has been made. Extensive evidence was presented that the younger daughter had been sexually abused by respondent. Although the child herself did not testify, the testimony of the various witnesses was inherently corroborative of the

claim of sexual abuse. Moreover, we note that respondent's parental rights were also terminated pursuant to subsection 19b(3)(c) and (d); however, respondent has failed to argue on appeal that the evidence was insufficient to support termination on these grounds. On the basis of our review of the record, even were we to agree with respondent, we nonetheless conclude that sufficient evidence was presented to support termination on both of these grounds. We are not convinced that the court clearly erred in concluding that termination was in the best interest of the younger daughter. Accordingly, we affirm the probate court's decision to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(b), (c), and (d); MSA 27.3178(598.19b)(3)(b), (c), and (d).

We also reject respondent's third argument that the probate court erred in permitting hearsay testimony regarding the younger daughter's statements of sexual abuse. MCR 5.972(C)(2) provides:

> A statement made by a child under ten years of age describing an act of child abuse as defined in section 2(c) of the child protection law, MCL 722.622(c); MSA 25.248(2)(c), performed with or on the child, not otherwise admissible under an exception to the hearsay rule, may be admitted into evidence at the trial if the court has found, in a hearing held prior to trial, that the nature and circumstances surrounding the giving of the statement provide adequate indicia of trustworthiness, and that there is sufficient corroborative evidence of the act.

We have carefully reviewed the court's findings rendered following a pretrial hearing, and conclude that they were not clearly erroneous. The evidence more than supported the court's conclusions that the younger daughter's statements,

given the circumstances under which they were made, were indicative of their veracity and corroborative of the claim of sexual abuse.

Lastly, we reject respondent's claim that the probate court failed to timely conduct the termination hearing. MCR 5.974(F)(1)(b) requires that a hearing on a supplemental petition seeking termination be conducted within forty-two days after the supplemental petition is filed, unless the court extends the time for an additional twenty-one days. Again, even were we to accept respondent's argument that the hearing was not conducted within the requisite time, we will not reverse the termination on this ground because the rule does not provide this sanction. *In re Kirkwood,* 187 Mich App 542, 546; 468 NW2d 280 (1991). (We note that at oral argument counsel for respondent conceded that *Kirkwood* was dispositive of this issue.)

Affirmed.