# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DIGGS, Minors.

UNPUBLISHED
July 14, 2016

No. 331022
Macomb Circuit Court
Family Division
LC No. 2014-000019-NA

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Respondent C. Woods appeals as of right a circuit court order terminating her parental rights to the minor children pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j). We affirm.

Respondent argues that the trial court erred because it did not conduct the hearing on the supplemental petition for termination within the 42-day period required by MCR 3.977(F)(2). We disagree. This issue is unpreserved because it was not raised below. *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Unpreserved issues are reviewed for plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id*. at 9.

MCR 3.977(F)(2) provides that once a supplemental petition for termination has been filed, the court is required to hold the hearing "within 42 days after the filing of the supplemental petition," although a 21-day extension may be granted for good cause shown. MCR 3.977(F)(2) and (H)(1)(b). Good cause is a legally sufficient or substantial reason. *In re Utrera*, 281 Mich App at 11.

A hearing on the first supplemental petition for termination was scheduled for September 25, 2015, and respondent appeared. However, it was revealed that the children's father had not received proper service. The parties agreed that the existing petition would be dismissed, a new supplemental petition would be filed within 10 days, and a hearing on the new petition would be held on November 20, 2015, which was more than 42 days from the last day of the 10-day period. The hearing proceeded as scheduled on November 20, but respondent did not attend.

Here, we conclude that respondent waived this claim of error by agreeing to the hearing date. "This Court has defined 'waiver' as 'the intentional relinquishment or abandonment of a known right.' " *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011), quoting *People v Carter*, 462 Mich 206, 215-219; 612 NW2d 144 (2000). "One who waives his rights under a

rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Kowalski*, 489 Mich at 503 (citation omitted). Because respondent agreed to have the first petition dismissed and refiled, and agreed to the new hearing date in November 2015, she waived any error. Additionally, even assuming respondent had not waived this issue, she would not be entitled to relief. It is well-established that the failure to hold a termination hearing within time limits established by the court rule is not grounds for reversal or dismissal of the termination order. *In re Jackson*, 199 Mich App 22, 28-29; 501 NW2d 182 (1993); *In re Pardee*, 190 Mich App 243, 252; 475 NW2d 870 (1991).

Respondent next argues that the trial court clearly erred in finding by a preponderance of the evidence that it was in the minor children's best interests to terminate her parental rights. We disagree.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012); MCL 712A.19b(5). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). This Court reviews the court's determination regarding the child's best interests for clear error. *In re Olive/Metts*, 297 Mich App at 40. "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id.* at 41-42 (internal citations omitted). The fact that a child is placed with a relative weighs against termination. *Id.* at 43.

The trial court found that respondent had visited the children on a regular basis, but otherwise had not completed the services required for reunification and that significant barriers still remained, particularly with respect to safe and suitable housing and childcare in general. The children had been in care for a year and a half and needed permanency. Given the children's young ages and the length of time they had been in care, that need outweighed whatever bond they had with respondent. The children were living with a relative who was able to provide the permanency they needed. The relative was willing to adopt the children, but did not want to work with the parents under a guardianship plan. The trial court's findings were supported by the record and were not clearly erroneous. Thus, the court did not clearly err in finding that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Mark T. Boonstra