WERTHMAN v GENERAL MOTORS CORPORATION

Docket No. 111064. Submitted July 17, 1990, at Detroit. Decided November 8, 1990; approved for publication January 29, 1991, at 9:05 A.M.

James Werthman, as personal representative of the estate of Sharon M. Werthman, deceased, brought an action in the Oakland Circuit Court against General Motors Corporation, alleging that the defendant manufactured a defectively designed automobile and that the defective design was a cause of the death of the decedent following an accident. The court, Francis X. O'Brien, J., dismissed the action following a jury verdict of no cause of action. The plaintiff appealed from the denial of his motion for a new trial.

The Court of Appeals *held:*

1. The court did not abuse its discretion in determining that evidence regarding the federal standard which sets forth the specifications for automobile glazing materials was not relevant. There was no allegation pertaining to glazing materials and no evidence that the standard is in any way connected to such structural aspects of a vehicle as a window frame or pillar.

2. The court did not abuse its discretion in determining that the plaintiff's expert could not testify with regard to the speed of the decedent's vehicle before the impact on the basis of photographs of the accident scene, particularly those portraying skid marks, because the plaintiff had not laid a foundation for admitting the photographs into evidence by producing a witness to testify that the photographs presented a reasonable or faithful reproduction of the scene as it existed at the time of the accident.

3. Because the jury found no design defect, the admission of

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 1077; Evidence §§ 788, 789; Expert and Opinion Evidence §§ 119, 357; Negligence § 1283.

Opinion testimony as to speed of motor vehicle based on skid marks and other facts. 29 ALR3d 248.

Admissibility of evidence as to tire tracks or marks on or near highway. 23 ALR2d 112.

the hospital records which included the results of a blood-alcohol test conducted on the decedent did not result in prejudice to the plaintiff so as to deny him a fair trial.

4. Even if the failure of the court to give a jury instruction regarding comparative negligence was error, reversal is not required because the jury decided that there was no liability on the defendant's part and, therefore, the absence of the claimed error would not have changed the result.

5. The alleged instances of bias by the court do not warrant a new trial.

6. The court did not abuse its discretion in ordering the sequestration of the decedent's two children, who were witnesses regarding the issue of damages and not parties in the action. The order, issued initially at the plaintiff's request, applied to all the witnesses equally.

Affirmed.

1. EVIDENCE — EXPERT WITNESSES — OPINION EVIDENCE — PHOTO-GRAPHS.

A properly qualified expert may give an opinion with regard to the speed of a vehicle involved in an accident on the basis of skid marks where the exhibits he relies upon are properly authenticated; for proper authentication of photographs of an accident scene, a witness must testify that the photographs present a reasonable or faithful reproduction of the scene as it existed at the time of the accident (MRE 901).

2. NEGLIGENCE — COMPARATIVE NEGLIGENCE — JURY INSTRUCTIONS — APPEAL.

A jury may not consider a plaintiff's comparative negligence until after it has decided the defendant's liability; therefore, where the jury finds that there is no liability on the defendant's part, error in the omission of a comparative negligence jury instruction is harmless because it would not change the result.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Barry P. Waldman* and *Phillip D. Frederick*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana* and *Joseph V. Walker*), for the defendant.

Before: SHEPHERD, P.J., and SAWYER and MCDONALD, JJ.

Per Curiam. In this products liability action, plaintiff appeals as of right the trial court's denial of his motion for a new trial. We affirm.

This action stems from the death of Sharon Werthman in the early morning hours of April 30, 1984. Ms. Werthman lost control of her 1972 Pontiac Catalina as she attempted to negotiate a curve on Cooley Lake Road in Waterford Township. Her vehicle skidded on the wet pavement, struck a guard rail, and spun around. Ms. Werthman, who was not wearing a seat belt, was thrown across the front seat. Her head struck the passenger side window, at a point where the front and rear windows met. The windows, which were frameless, moved outward without breaking, catching Werthman's neck between them. Ms. Werthman died of asphyxiation. Testimony at trial revealed that Ms. Werthman had been drinking. Plaintiff's theory against defendant was that the vehicle was designed defectively in that it lacked either a frame around the windows or a pillar between the front and rear windows. The jury returned a verdict of no cause of action, and plaintiff's subsequent motion for a new trial, which raised the same issues presented here, was denied.

Plaintiff first contends that the trial court abused its discretion in precluding the admission into evidence of Federal Motor Vehicle Safety Standard 205, which sets forth the specifications for automobile glazing materials. The primary basis for the standard's exclusion was its lack of relevancy to the case, given plaintiff's design-defect theory. In arguing the relevancy of the standard, plaintiff has relied upon its stated purposes, which include "to reduce injuries resulting from impact to glazing surfaces" and "to minimize the possibility of occupants being thrown through the vehicle windows in collisions."

Nonetheless, plaintiff has not provided this Court with the contents of the standard. Without this, we cannot discern what the standard provides and, thus, cannot determine its relevancy to this action. We therefore cannot say the trial court abused its discretion in determining that it was not relevant. Even if we were to rely solely on the stated purpose of the standard, the result would be the same. The alleged negligent design of the vehicle in question related to the lack of a window frame or pillar. There was no allegation pertaining to glazing materials. The stated purposes of the standard do not imply that the standard is in any way connected to such structural aspects of a vehicle as a window frame or pillar.

Plaintiff's second alleged evidentiary error concerns the trial court's refusal to allow plaintiff's expert to testify with regard to the speed of Werthman's vehicle before the impact on the basis of photographs of the accident scene, particularly those portraying skid marks. The trial court precluded admission of the photographs, finding that plaintiff could not lay a proper foundation for their admission. We again find no abuse of discretion.

While a properly qualified expert may give an opinion with regard to the speed of a vehicle on the basis of skid marks, the exhibits relied upon must be properly authenticated. See *Dudek v Popp*, 373 Mich 300, 307; 129 NW2d 393 (1964). MRE 901 provides in pertinent part:

> (a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
> (b) Illustrations. By way of illustration only, and

not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.

Though plaintiff was not required to produce the photographer who took the original photographs to authenticate the copies, plaintiff was required to produce a witness to testify that the photographs presented a reasonable or faithful reproduction of the scene as it existed at the time of the accident. *Kaminski v Wayne Co Road Comm'rs,* 370 Mich 389, 395-399; 121 NW2d 830 (1963); *Ferguson v Delaware International Speedway,* 164 Mich App 283, 291; 416 NW2d 415 (1987). Plaintiff did not do so, and the trial court therefore did not abuse its discretion in determining that a foundation had not been laid for admission.

Plaintiff next contends that the trial court erred in allowing the admission into evidence of the results of a blood-alcohol test conducted on decedent which were contained in decedent's hospital records. Plaintiff had filed a motion in limine to preclude reference to or testimony concerning the test results but, after a discussion off the record, stipulated to admission of the hospital records. The exact nature of the stipulation is not entirely clear. Plaintiff's counsel believed he only stipulated to the authenticity of the records, reserving the right to challenge admission of the results of the blood-alcohol test when the issue arose during trial. Defense counsel, on the other hand, appears to have assumed that plaintiff's stipulation covered the test results because they were part of the hospital records. The hospital records were admitted into evidence. There was also testimony given at trial concerning the quantity and type of alcohol decedent had consumed.

Nonetheless, defendant subsequently was precluded from eliciting testimony regarding the significance of decedent's blood-alcohol level, i.e., what effect it had on her driving, response or reaction time, resistance to injury, and the like. And, although defendant made reference to decedent's alleged intoxication in closing argument as one of the causes of the accident, no mention was made of the blood-alcohol level itself. From the jury's verdict, we must assume it found no design defect. Under these circumstances, we cannot say that the admission of the hospital records which included the results of the blood-alcohol test so prejudiced plaintiff that he was denied a fair trial.

Plaintiff next argues that the trial court erred in failing to grant plaintiff's request to have SJI2d 16.02, regarding comparative negligence, read to the jury because, even though defendant had waived this affirmative defense, it nonetheless had injected the issue into the case throughout the trial by introducing evidence that decedent was intoxicated, was not wearing a seat belt, and had allowed her vehicle to fall into disrepair. We cannot find error in the trial court's ruling.

First, comparative negligence is an affirmative defense. We believe that it was defendant's, and not plaintiff's, prerogative to determine how defendant would defend the case. If defendant chose to abandon this defense and rely on a theory that its product was simply not defective or was not a proximate cause of plaintiff's damages, this was defendant's choice and risk. If the jury had found that the product was negligently designed and that this was a proximate cause of plaintiff's damages, defendant risked imposition of full liability for those damages.

Furthermore, the issue of comparative negligence could not have been considered by the jury

until after it decided the issue of defendant's liability. *Lowe v Estate Motors Ltd,* 428 Mich 439, 474-475, n 23; 410 NW2d 706 (1987). The jury decided there was no liability on defendant's part and, therefore, never reached the question of decedent's conduct and whether that conduct was a proximate cause of the decedent's death. Thus, even if we were to deem the failure to give the comparative negligence instruction error, reversal is not required. The absence of the claimed error would not have changed the result. *Beadle v Allis,* 165 Mich App 516, 525; 418 NW2d 906 (1987).

Plaintiff also argues that he is entitled to a new trial because the trial court demonstrated bias against plaintiff's counsel during the trial, which prejudiced plaintiff and unduly influenced the jury. We find no basis for reversal where, as in this case, one instance occurred outside the jury's presence and the court's references to an appeal period were innocuous and in connection with the retention of exhibits.

Finally, we cannot say the trial court committed error requiring reversal by sequestering decedent's two children. The children were not parties to the suit, see MCL 600.2922(2); MSA 27A.2922(2), and the sequestration order, issued initially at plaintiff's request, applied equally to witnesses for both sides. The children were witnesses regarding the issue of damages and their sequestration lay within the trial court's discretion. See *Florence v Moors Concrete Products, Inc,* 35 Mich App 613, 620; 193 NW2d 72 (1971). We find that the trial court did not abuse its discretion in this regard.

Affirmed.