*In re* JACKSON

Docket No. 148431. Submitted December 2, 1992, at Detroit. Decided January 21, 1993; approved for publication April 1, 1993, at 9:00 A.M.

The Department of Social Services petitioned the Wayne County Probate Court, Juvenile Division, for an order terminating the parental rights of Rebecca A. Jackson with regard to three of her children. Following hearings, the court, Y. Gladys Barsamian, J., entered an order terminating the respondent's parental rights, pursuant to MCL 712A.19b(3)(c)(i),(g), and (i); MSA 27.3178(598.19b)(3)(c)(i),(g), and (i), and placing the children in the permanent custody of the court. The respondent appealed.

The Court of Appeals *held:*

1. Sufficient evidence was presented to support the termination of parental rights. The court properly considered the respondent's history of mental illness and her act of endangering her children by leaving them alone. The court did not err in considering the fact that another child of the respondent had previously been made a permanent ward of the court because of abuse by the respondent.

2. The court did not err in finding that the respondent's mental illness continues to exist and that there is no reasonable likelihood that it will be rectified within a reasonable time considering the age of the children. Sufficient evidence showed that the respondent failed to provide proper care or custody for the children and that there was no reasonable expectation that she would be able to provide proper care and custody within a reasonable time considering the age of the children.

3. No prejudice resulted from the court's granting of two continuances of the termination hearing because the petitioner's experts were unavailable or from the court's refusal to sequester the witnesses.

4. Because the respondent did not move for disqualification of the judge pursuant to MCR 2.003, the issue whether the court

REFERENCES

Am Jur 2d, Continuance §§ 4, 5; Parent and Child § 7.

See ALR Index under Continuance and Adjournment; Termination of Parental Rights.

improperly invaded the province of the prosecutor by questioning a psychologist who testified was not preserved for appeal. Nevertheless, the respondent was not denied due process or a fair trial because the questions clarified testimony and elicited additional information, and were not intimidating, argumentative, prejudicial, unfair, or partial.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — APPEAL.

In order to terminate parental rights, a probate court must find that at least one of the statutory grounds for termination has been shown by clear and convincing evidence; once the court finds that statutory grounds exist, the decision to terminate is discretionary, and the court then may consider the best interests of the child; the court's findings of fact are reviewed on appeal under the clearly erroneous standard (MCL 712A.19b; MSA 27.3178[598.19b]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE.

A probate court may apprise itself of all relevant considerations in determining a petition to terminate parental rights.

3. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE.

Evidence that a parent mistreated one child is probative of how that parent may treat other children.

4. MOTIONS AND ORDERS — CONTINUANCES — APPEAL — BURDEN OF PROOF.

A ruling regarding a motion for a continuance is discretionary and is reviewed for an abuse of discretion; the burden of proof is on the party asserting that an abuse of discretion occurred.

5. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — HEARINGS — TIME REQUIREMENTS.

A probate court's failure to follow the time requirements for hearings contained in MCR 5.974(F) does not require dismissal of a subsequent order terminating parental rights; the court may extend the time for a hearing beyond the additional twenty-one days provided in the court rule (MCR 5.974[F][1][b]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Howard B. Grodman,* Assistant Attorney General, for the Department of Social Services.

*Roberta Walden,* for the minor children.

*Richard R. Harris,* for Rebecca Jackson.

Before: CORRIGAN, P.J., and WEAVER and CONNOR, JJ.

PER CURIAM. Respondent, the mother of six children, appeals an order terminating her parental rights to her second, third and fourth children, Shereathea (born December 26, 1980), Shereata (born February 15, 1982), and Kenneth (born May 3, 1983), pursuant to MCL 712A.19b(3)(c)(i),(g), and (i); MSA 27.3178 (598.19b) (3)(c)(i),(g), and (i). We affirm.

Respondent's first child became a ward of the court as an infant in 1977 following allegations of neglect. He was returned briefly to respondent, removed again, and became a permanent ward of the court in 1987 because of abuse by respondent. In 1986-87, respondent was hospitalized briefly in a state facility with a diagnosis of paranoid schizophrenia.

In April 1987, a neighbor reported that respondent had left Shereathea, Shereata, and Kenneth alone. Protective services workers warned respondent, but she nonetheless left them alone again one month later. The children were then placed in foster care. Since 1987, respondent has borne two more children, one of whom later became a ward of the court.

In July 1987, the probate court ordered respondent to visit the children regularly, establish a suitable home and income, complete parenting classes and counseling, and be evaluated by the Clinic for Child Study. Respondent was also ordered to attend psychiatric therapy and take all prescribed medication. Respondent complied with

some of the orders and appeared to be making progress until 1990, when she threatened several social service employees and assaulted a social worker. The probate court granted petitioner's supplemental petition for permanent custody in 1991.

Respondent first claims that the evidence was insufficient. In order to terminate parental rights, the probate court must find that at least one of the statutory grounds for termination, MCL 712A.19b; MSA 27.3178(598.19b), has been met by clear and convincing evidence. *In re McIntyre,* 192 Mich App 47, 50; 480 NW2d 293 (1991). This Court reviews the probate court's findings of fact under the clearly erroneous standard. *Id.* A finding is clearly erroneous where the reviewing court has a definite and firm conviction that a mistake has been made. *In re Newman,* 189 Mich App 61, 65; 472 NW2d 38 (1991). Once the probate court finds statutory grounds for termination by clear and convincing evidence, the decision to terminate is discretionary, and the best interests of the child are considered. MCL 712A.19b(3); MSA 27.3178(598.19b)(3). The decision to terminate is reviewed for an abuse of discretion. *McIntyre, supra* at 50.

MCL 712A.19b; MSA 27.3178(598.19b) provides, in part:

> (3) The court may terminate the parental rights of a parent to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> \* \* \*
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(i) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the age of the child.

Focusing only on the allegation in the first petition that she had abandoned the children for twenty minutes, respondent argues that because the "conditions that led to the adjudication" in 1987 do not "continue to exist," the court erred in applying this section. Respondent's reading of the statute is too narrow. The conditions that led to the filing of the initial petition went beyond respondent's single act of neglect. The court properly considered respondent's history of mental illness and her act of endangering her children by leaving them alone despite an earlier warning. A probate court may apprise itself of all relevant considerations. *In re Youmans,* 156 Mich App 679, 689; 401 NW2d 905 (1986). Further, evidence of the mistreatment of one child is probative of the treatment of other children of the party. *Id.* Thus, the court properly weighed respondent's treatment of her oldest son in considering whether to terminate her parental rights to these three children.

Extensive evidence of respondent's ongoing mental problems was received. A psychiatrist who assessed respondent and the children called respondent's prognosis fair at best, provided she took her medication. He testified that paranoid schizophrenia can be controlled but not cured, that paranoid schizophrenics cannot usually succeed as parents, and that the children would be at risk if left with respondent. Reliance on this psychiatric testimony was proper. *In re Spratt,* 170 Mich App 719; 428 NW2d 754 (1988).

The psychiatrist also explained that the respondent lacked insight into her condition and her

need for continued medication. Two other expert witnesses corroborated his testimony. Indeed, respondent's own testimony supported this appraisal.

The record shows ample evidence of respondent's mental disorder. Contrary to her argument, offered for the first time on appeal, that petitioner sought permanent custody only when respondent became angry at social workers, the record shows an instance of angry and threatening behavior in 1988. Respondent also appeared very angry at a progress hearing in 1989. She threatened the lives of at least three social workers and the children's father, threw hot coffee in another child's face, and assaulted a social worker and had to be removed by the police. Respondent alleged that she had angrily responded to mistreatment of her children, but no proof of any injury to them was adduced. The proofs instead showed that the children were happy with their foster homes. Respondent acknowledged that an examining physician found no sign of injury to the children, but she contended the doctor had conspired with the social service agency to remove the children.

Sufficient evidence supported termination of respondent's rights under § 19b(3)(c)(i). Respondent's mental illness continued to exist and there was no reasonable likelihood it would be "rectified within a reasonable time considering the age of the child[ren]." Respondent's compliance with some of the court orders and part of the parent-agency agreement was not sufficient to rectify the conditions because she had not fully complied with the therapy and medication orders. The probate court's decision was not clearly erroneous.

For the same reasons, sufficient evidence justified termination under MCL 712A.19b(3)(g); MSA 27.3178(598.19b)(3)(g) (without regard to intent, the parent fails to provide proper care or custody for

the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the age of the child). Experts testified that respondent would probably have more difficulty as the children grew older and that she could not cope with five young children, three of whom had health or behavioral problems requiring special attention.

Respondent next argues that the court erroneously granted two continuances of the termination hearing because petitioner's experts were unavailable. We disagree. MCR 5.974(F)(1)(b) provides:

> The hearing on a supplemental petition for termination of parental rights under this subrule must be held within 42 days after the filing of the supplemental petition. The court may, for good cause shown, extend the time period for an additional 21 days.

The ruling on a motion for continuance is discretionary and is reviewed for an abuse of discretion. *People v Wilson,* 397 Mich 76, 80; 243 NW2d 257 (1976). The burden of proof is on the party asserting an abuse of discretion. *People v Davis,* 343 Mich 348, 360-361; 72 NW2d 269 (1955). The trial court may extend the time for a hearing beyond the additional twenty-one days. *In re King,* 186 Mich App 458, 461; 465 NW2d 1 (1990).

Failure to follow the time requirements of MCR 5.974(F) will not lead to dismissal of a termination order. *In re Kirkwood,* 187 Mich App 542, 546; 468 NW2d 280 (1991). Neither the court rule nor the relevant statute, MCL 712A.19a(5); MSA 27.3178(598.19a)(5), provides sanctions for their violation. This Court will not impose sanctions that the Legislature and the Supreme Court have

declined to impose. *Kirkwood, supra* at 545-546. See also *In re Pardee,* 190 Mich App 243, 252; 475 NW2d 870 (1991); *In re Prater,* 189 Mich App 330, 333; 471 NW2d 658 (1991) (failure to comply with court rule does not affect jurisdiction of the court).

Respondent has not shown prejudice. Even if the court had granted respondent's motion to dismiss, petitioner could have immediately refiled. Respondent's circumstances did not change between the original trial date and the actual hearing date. The delay afforded respondent an opportunity to improve her compliance with the court's order and thus benefited, rather than prejudiced, her.

Respondent also complains that the court's refusal to sequester the witnesses denied her due process of law. The sequestration of witnesses is discretionary, and we detect no prejudice. *Werthman v General Motors Corp,* 187 Mich App 238, 244; 466 NW2d 305 (1991); *People v Jehnsen,* 183 Mich App 305, 309; 454 NW2d 250 (1990).

Respondent finally argues that the court's questioning of the psychiatrist improperly invaded the province of the prosecution. We do not agree. To raise this issue, respondent should have moved for disqualification pursuant to MCR 2.003. *In re Forfeiture of $53,* 178 Mich App 480, 497; 444 NW2d 182 (1989). The question was not preserved. In any event, the court's questioning did not deny respondent due process of law. A trial court has greater discretion in questioning during a bench trial. *In re Forfeiture of $1,159,420,* 194 Mich App 134, 153; 486 NW2d 326 (1992). The questions the court asked the witness were not intimidating, argumentative, prejudicial, unfair, or partial. Rather, they were intended to clarify testimony and elicit additional information, and they did. Respondent was not denied a fair trial.

Affirmed.