# STATE OF MICHIGAN

# COURT OF APPEALS

In re C.J. BRANNAM, Minor.

UNPUBLISHED
August 13, 2015

No. 325837
Clare Circuit Court
Family Division
LC No. 14-000062-NA

Before: SAWYER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Respondent appeals as of right from an order of the trial court terminating his parental rights to the child at issue, CJB, under MCL 712A.19b(3)(g) (failure to provide proper care or custody and no reasonable expectation that parent will be able to provide proper care and custody) and MCL 712A.19b(3)(j) (reasonable likelihood of harm). We affirm.

Over the years, respondent has been involved in several child protective proceedings regarding his four children.[1] In general, those proceedings stemmed from respondent's physical abuse of the children. The trial court took judicial notice of those previous proceedings. This case emanates from an incident in which it was alleged that respondent hit CJB on the head. Various witnesses testified that respondent had been provided numerous services over the years, but that his actions toward his children had not improved.

## I. DENIAL OF ADJOURNMENT

Defendant first argues that the trial court erred in declining to adjourn the trial after the parties had agreed to stipulate to an adjournment following the replacement of respondent's counsel. The trial court denied the adjournment without explanation. We review for an abuse of discretion a trial court's decision denying a motion for an adjournment. *In re Jackson*, 199 Mich App 22, 28; 501 NW2d 182 (1993). A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *In re Brown/Kindle/Muhammad*, 305 Mich App 623, 629; 853 NW2d 459 (2014). A trial in child protective proceedings can be adjourned "on

---

[1] Before the events that gave rise to this case, respondent had released his parental rights to his two oldest children.

-1-

stipulation of the parties for good cause" when the child is in placement. MCR 3.972(A)(1).[2] "Good cause" means "a legally sufficient or substantial reason." *In re Utrera*, 281 Mich App 1, 11; 761 NW2d 253 (2008).

Respondent's argument that his counsel was admittedly unprepared for trial is inaccurate. The stipulation prepared on the issue indicated that time would "aid respondent father's case." This is not the same as asserting that counsel was unprepared and could not adequately represent his client. Indeed, as evidenced by the case presented on respondent's behalf, as well as the depth of respondent's attorney's cross-examinations, it cannot be said that counsel's representation was inadequate. The issues were clear and counsel did a reasonable job of advocating on his client's behalf.

Additionally, the evidence supporting termination was strong. Respondent has a long history of abusing his children, including CJB. The evidence showed that past attempts to alter respondent's behavior had been unsuccessful. Given respondent's track record, the trial court's decision to deny the adjournment did not fall outside the range of principled outcomes.

## II. STATEMENT OF SIBLING

Respondent next argues that the trial court erred in admitting testimony by a CPS worker regarding a statement made by KB, CJB's sibling, who spoke of abuse perpetrated by respondent. We review a trial court's decision to admit evidence for an abuse of discretion. *Brown/Kindle/Muhammad Minors*, 305 Mich App at 629. Preliminary questions of law are reviewed de novo. *Id*. at 629-630.

MCR 3.927(C) allows certain statements from children to be admitted at the trial in child protective proceedings. The court rule provides in pertinent part as follows:

> (2) Any statement made by a child under 10 years of age . . . regarding an act of child abuse, child neglect, sexual abuse, or sexual exploitation, as defined in MCL 722.622(f), (j), (w), or (x), performed with or on the child by another person may be admitted into evidence through the testimony of a person who heard the child make the statement as provided in this subrule.

> (a) A statement describing such conduct may be admitted regardless of whether the child is available to testify or not, and is substantive evidence of the act or omission if the court has found, in a hearing held before trial, that the circumstances surrounding the giving of the statement provide adequate indicia of trustworthiness. This statement may be received by the court in lieu of or in addition to the child's testimony. [MCR 3.927(2)(a).]

Respondent argues that KB's statements should not have been admitted because the CPS worker failed to comply with the state forensic interview protocol. The court rule imposes no

_____

[2] CJB was in placement throughout the course of the proceedings in this case.

such requirement. It only provides that the court must find "that the circumstances surrounding the giving of the statement provide adequate indicia of trustworthiness." *Id.* The trial court found the CPS worker's testimony "to be truthful and honest." Given the circumstances and the method employed by the CPS worker, no abuse of discretion is evident.

## III. STATUTORY GROUNDS

Finally, defendant argues that the statutory grounds for termination were not adequately established. A trial court's determination that the statutory grounds for termination have been established by clear and convincing evidence is reviewed for clear error. *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009). "A finding is clearly erroneous [if] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id.* (internal quotation marks and citations omitted; alteration by prior Court).

MCL 712A.19b(3) provides in pertinent part that a respondent's parental rights may be terminated for the following reasons:

> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> * * *
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Respondent first argues that most of the evidence that respondent abused CJB was based on hearsay statements made by CJB to his counselor, which the child later recanted or modified. Additionally, respondent argues that CJB "is known to fabricate stories." These arguments are unpersuasive. CJB's statements were admitted as excited utterances, and therefore could be considered as substantive evidence. MRE 803(2). Further, the court took judicial notice of previous cases involving respondent, who had a long history of abusing his children.

As for CJB recanting or modifying his allegations, this is essentially a question of credibility. In reviewing the findings of the trial court, "regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C).

Respondent also argues that the testimony of another of CJB's siblings, BB, and that of a DHHS worker did not have personal knowledge regarding respondent's alleged abuse of CJB. Although BB did not have personal knowledge of the events surrounding the incident that launched this case (respondent striking CJB on the head), she was able to provide general testimony regarding respondent's history of abusing his children, including herself. Similarly, although the DHHS worker did not have personal knowledge of respondent striking CJB on the

head and the circumstances of an incident between the two involving a knife, she did not claim that she did. The worker testified to her involvement in the process leading up to CJB's removal, which was spurred by respondent contacting her. She spoke of her meeting with CJB and respondent. She explained that she "used the forensic interview and protocol" when speaking with CJB, which she described as "a child friendly interview process which is designed to have the child lead the conversation." She reported what CJB had told her about being struck on the head, respondent's assertions that CJB was "demonstrating behavior such as . . . lying, stealing soiled and used laundry, and cigarettes that he was smoking and running away, refusing to do school work, and calling him names," and both CJB's and respondent's version of the knife incident. And both CJB and respondent testified at length about these matters.

The evidence was strong that respondent had abused CJB and that past attempts to address respondent's abuse of all his children had not improved the situation. And even a psychologist testifying on respondent's behalf admitted that it was possible that respondent would need services until CJB is 18 years old. The statutory grounds have been established.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro