# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* O'DELL, Minors.

UNPUBLISHED
October 27, 2015

No. 326474
St. Clair Circuit Court
Family Division
LC No. 14-000108-NA

Before: METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent L. O'Dell appeals as of right the circuit court's order terminating his parental rights to the minor children pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j). We affirm.

Respondent first argues that the trial court erred in denying his request to adjourn the termination hearing. The trial court's ruling on a motion for an adjournment is reviewed for an abuse of discretion. *In re Jackson*, 199 Mich App 22, 28; 501 NW2d 182 (1993). A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 629; 853 NW2d 459 (2014).

In child protective proceedings, a trial or other hearing may be adjourned "only (1) for good cause, (2) after taking into consideration the best interests of the child, and (3) for as short a period of time as necessary." MCR 3.923(G). "[I]n order for a trial court to find good cause for an adjournment, 'a legally sufficient or substantial reason' must first be shown." *In re Utrera*, 281 Mich App 1, 11; 761 NW2d 253 (2008).

Respondent failed to appear for the termination hearing. Counsel requested an adjournment, stating that respondent had reported he was unable to attend because of "car problems" that he discovered the previous night. Respondent's alleged car trouble did not establish good cause for an adjournment because car trouble only prevented respondent from driving himself to the hearing. Moreover, respondent did not have a valid driver's license at the time, so he should have been aware that alternative transportation arrangements were necessary, and he did not explain why he could not have made alternative arrangements. The trial court did not abuse its discretion in finding that respondent failed to establish good cause for an adjournment.

-1-

Respondent next challenges the trial court's decision regarding the statutory grounds for termination.[1] The trial court's finding regarding the existence of a statutory ground for termination is reviewed for clear error. *In re Trejo Minors*, 462 Mich 341, 356-357; 612 NW2d 407 (2000); MCR 3.977(K).

The trial court did not clearly err in finding that § 19b(3)(c)(*i*) was established by clear and convincing evidence. The court may terminate an individual's parental rights if "182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following: (i) [t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." MCL 712A.19b(3)(c)(*i*). The initial dispositional order was entered on July 1, 2014. The supplemental petition was filed on January 15, 2015, which was more than 182 days later. The conditions that led to the initial adjudication included respondent's relationship with the children's mother, SD, and the lack of suitable housing able to be provided. The fact that the family was sharing a small house with another person and that respondent lacked adequate supplies for the baby implicated both respondent's parenting ability and his ability to support the family financially.

Respondent separated from SD and obtained a small, but suitable, house in Tawas City, but the separation was short-lived. Respondent reunited with SD even though she was still using drugs and her parental rights to the children had previously been terminated. Respondent still had a lease for the Tawas home, but spent part if not most of his time at SD's home, which did not have heat and would thus not be considered suitable. Respondent had no documented source of income, was unwilling to look for steady work, and had been denied disability. Respondent did not substantially comply with any other services, apart from obtaining a psychological evaluation, and even then did not follow through with recommended treatment. The trial court did not clearly err in finding that the evidence established that the conditions that led to the initial adjudication (respondent's relationship with SD and lack of suitable housing) continued to exist. Considering that respondent had made no significant progress in overcoming the barriers to reunification after six months, that the children had been in foster care for 10 months, that this

---

[1] As part of this issue, respondent also argues that the trial court erred in admitting hearsay evidence regarding respondent's current relationship with the children's mother. Respondent failed to preserve this issue because he did not make a timely objection to, or move to strike, the alleged hearsay evidence. MRE 103(a)(1). Therefore, appellate relief is not warranted absent a plain error affecting respondent's substantial rights. *Wolford v Duncan*, 279 Mich App 631, 637; 760 NW2d 253 (2008). Respondent fails to support his hearsay argument with citation to relevant authority. *Coble v Green*, 271 Mich App 382, 391; 722 NW2d 898 (2006). Further, because termination was not being sought on the basis of circumstances new or different from the offense that led the court to take jurisdiction, the Michigan Rules of Evidence did not apply and the trial court was entitled to receive and rely on all relevant and material evidence to the extent of its probative value. MCR 3.977(F)(1)(b) and (H)(2). Accordingly, hearsay evidence regarding the current status of respondent's relationship with the children's mother was admissible, and its admission does not establish a plain error.

was the older child's second placement in foster care, and that the younger child had spent her entire short life in foster care, the trial court also did not clearly err in finding that the conditions were unlikely to be rectified within a reasonable time given the children's ages.

The trial court also did not clearly err in finding that § 19b(3)(g) had been established by clear and convincing evidence. Section 19b(3)(g) authorizes the termination of parental rights because of the parent's failure "to provide proper care or custody for the child" and it is not reasonable to expect that such proper care will be provided within a reasonable amount of time. Respondent failed to provide proper care or custody because he lacked suitable housing for, and a source of income with which to support, the children. Respondent was also still living with the children's mother, but was oblivious to or at least refused to acknowledge her substance abuse problem and the risk of harm she presented to the children. Respondent reunited with the children's mother, did not participate in many of the recommended reunification services, and made no significant progress in overcoming the barriers to reunification. "A parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody." *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014) (footnote omitted). Considering respondent's lack of progress toward reunification and the amount of time the children had been in care, the trial court did not clearly err in finding that respondent was not reasonably likely to be able to provide proper care and custody within a reasonable time given the children's ages.

Finally, the trial court did not clearly err in finding that § 19b(3)(j) had been established. Under § 19b(3)(j), parental rights may be terminated if, by clear and convincing evidence, the court finds that based on the parent's conduct, there is a reasonable likelihood the child will be harmed if returned to the parent's home. Respondent had reunited with the children's mother, whose parental rights to the children had been terminated and had a history of drug use, and spent part if not most of his time with her in a house with no heat. The evidence supports the trial court's determination that the children were reasonably likely to be harmed if returned to respondent's home.

Respondent also challenges the trial court's best-interests determination. "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). Whether termination is in the child's best interests is determined by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review the trial court's decision regarding the child's best interests for clear error. *White*, 303 Mich App at 713; MCR 3.977(K).

The trial court erred to the extent that it found that the older child had "no real connection with" respondent. Both the court reports and the foster-care worker's testimony indicated that respondent and the older child were bonded. However, that error was harmless in light of all the other evidence that termination of respondent's parental rights was in the children's best interests. Respondent did not substantially comply with reunification services. He obtained suitable housing, but spent part if not most of his time at SD's home, which did not have heat. He only briefly held a job, and even that did not pay enough to support himself. He obtained a psychological evaluation, but did not follow through with recommended treatment, and he

provided only a single drug screen and avoided the rest. Respondent attended family visits, but did not take full advantage of the time offered him, consistently arriving late. Further, he never progressed to unsupervised visitation and thus never demonstrated an ability to take care of the children on his own on a full-time basis. Of particular concern was that respondent reunited with the children's mother, SD, a known drug addict who had lost her parental rights to both children as well as a third child from another relationship. The older child had spent all but one year of his life in foster care and the younger child had spent all of her short life in foster care. The children were apparently doing well in their relative placements. Therefore, the trial court did not clearly err in finding that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Patrick M. Meter
/s/ Kurtis T. Wilder
/s/ Amy Ronayne Krause