*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BURKHART/ODIL, Minors.

UNPUBLISHED
February 5, 2019

No. 343111
Shiawassee Circuit Court
Family Division
LC No. 16-013829-NA

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to her three minor children pursuant to MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (g), and (j). On appeal, respondent does not challenge the existence of statutory grounds for termination or the trial court's findings regarding the children's best interests. Instead, she contends that there were various procedural errors both preceding and following the trial court's exercise of jurisdiction, depriving her of due process. However, because respondent's parental rights were terminated pursuant to a supplemental petition after reunification services were provided, she cannot collaterally attack the trial court's exercise of jurisdiction in this appeal. Further, respondent has not demonstrated plain error affecting her substantial rights with respect to her unpreserved claims of procedural error during post-adjudication dispositional proceedings. Accordingly, we affirm.

Petitioner, the Department of Health and Human Services, filed a petition in January 2016, requesting court jurisdiction over the children after respondent left them with the father and grandmother of the youngest child, failed to return, and did not reveal her location. The youngest child's father was deemed an unsuitable caretaker because of a history of child abuse and criminal sexual conduct, and respondent did not provide legal authority to the grandmother to care for any of the children. Following a trial in February 2016, the trial court exercised jurisdiction over the children. Respondent was provided with an opportunity to participate in reunification services, but she did not consistently participate in services or regularly visit the children, and she continued to engage in criminal activity, leading to periods of incarceration. In January 2018, petitioner filed a supplemental petition requesting termination of respondent's parental rights. Respondent pleaded no contest to the statutory grounds for termination and,

following a best-interest hearing, the trial court found that termination of respondent's parental rights was in the children's best interests. This appeal followed.

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). "Generally, a court determines whether it can take jurisdiction over the child in the first place during the adjudicative phase." *Id*. "Once the court has jurisdiction, it determines during the dispositional phase what course of action will ensure the child's safety and well-being." *Id*.

Preliminarily, respondent is not permitted to challenge the trial court's exercise of jurisdiction in this appeal. "[M]atters affecting the trial court's exercise of its jurisdiction may be challenged only on direct appeal of the jurisdictional decision." *In re Kanjia*, 308 Mich App 660, 667; 866 NW2d 862 (2014)(quotation marks and citation omitted). Respondent did not challenge the trial court's exercise of jurisdiction in a direct appeal. When, as in this case, a termination of parental rights occurs pursuant to a supplemental petition filed after the issuance of the initial dispositional order, any attack on the adjudication is an impermissible collateral attack. See *In re Hatcher*, 443 Mich 426; 505 NW2d 834 (1993); *In re SLH*, 277 Mich App 662, 668; 747 NW2d 547 (2008).[1]

Respondent's reliance on *In re Sanders*, *In re Collier*, 314 Mich App 558; 887 NW2d 431 (2016), and *In re Kanjia*, to argue that she properly may challenge the trial court's exercise of jurisdiction in this appeal is misplaced. In *In re Sanders*, our Supreme Court abolished the one-parent doctrine, which previously allowed a court to exercise dispositional authority over both parents based on the adjudication of only one parent. *In re Sanders*, 495 Mich at 408, 422. The Court held that "due process requires that every parent receive an adjudication hearing before the state can interfere with his or her parental rights." *Id*. at 415. "[D]ue Process requires a specific adjudication of a parent's unfitness before the state can infringe the constitutionally protected parent-child relationship." *Id*. at 422. In *In re Collier*, the trial court entered a default against the respondent after he failed to appear at the adjudication trial and the court subsequently terminated his parental rights. This Court vacated the termination order, in part, because the respondent was deprived of an adjudication hearing. See *In re Collier*, 314 Mich App at 561-563, 569-570. In *In re Kanjia*, 308 Mich App 660, this Court held that a parent may attack, even after termination, a trial court's exercise of jurisdiction in contravention of *In re Sanders*, because

a respondent who raises a *Sanders* challenge on direct appeal from a trial court's order of termination is not collaterally attacking the trial court's exercise of

---

[1] The correctness and continuing validity of *Hatcher* is presently being considered by the Michigan Supreme Court. *In re Ferranti*, 502 Mich 906; 913 NW2d 330 (2018). However, this Court must follow a decision of the Michigan Supreme Court until that decision has been overruled. *Assoc Builders & Contractors v City of Lansing*, 499 Mich 177, 191; 880 NW2d 765 (2016).

.

jurisdiction, but rather is directly challenging the trial court's decision to terminate the respondent's parental rights without first having afforded the respondent sufficient due process, i.e., an adjudication hearing at which the respondent's fitness as a parent was decided. [*Id.* at 670.]

This case is distinguishable from *In re Sanders, In re Collier*, and *In re Kanjia* for the simple reason that respondent received an adjudication trial, where she was represented by counsel, and the trial court adjudicated respondent as an unfit parent before issuing any dispositional orders. If respondent believed that the trial court erred in obtaining jurisdiction over the children, she was free to challenge the trial court's exercise of jurisdiction in an appeal by right from the initial dispositional order. See *In re Collier*, 314 Mich App at 576 n 10. Because she failed to avail herself of that opportunity, she cannot now collaterally attack the trial court's exercise of jurisdiction, including matters preceding the adjudication.

Respondent additionally argues that errors at the various post-adjudication dispositional hearings violated her right to due process. Due process requires fundamental fairness. See *In re Rood*, 483 Mich 73, 92; 763 NW2d 587 (2009). The fundamental requisite of due process is notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* Respondent's complaints concern whether the trial court complied with court rule requirements for various hearings during the dispositional phrase. We note that respondent failed to object or otherwise raise any of her procedural claims in the trial court, leaving them unpreserved. See *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Consequently, we review respondent's claims for plain error affecting her substantial rights. *In re Utrera*, 281 Mich App 1, 8-9; 761 NW2d 253 (2008). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id.* at 9.

Respondent first argues that petitioner made no effort to secure her appearance at the initial dispositional hearing on May 23 2016, that no witnesses or exhibits were produced, and that the court violated MCR 3.973(F)(2) by failing to state on the record that it had examined the case service plan pursuant to MCL 712A.18f(1). As for her appearance, under MCR 3.973(D)(3), "[t]he court may proceed [with the dispositional hearing] in the absence of a party provided that proper notice has been given." Respondent's attorney stated that respondent had received notice of the hearing, but would not be attending.[2] As for exhibits and witnesses, respondent cites no authority for the assertion that they were required, nor does she cite authority for the assertion that the court was required to state on the record that it had examined the case service plan. Accordingly, she has not demonstrated plain error with respect to those matters. In any event, MCL 3.973(E), which governs evidence at a dispositional hearing, contains no requirement that witnesses or evidence be presented. And MCR 3.973(F)(2)[3] does not require

---

[2] See MCR 3.973(D)(2) ("The respondent has the right to be present or may appear through an attorney.")

[3] MCR 3.973(F)(2) provides:

> The court shall not enter an order of disposition until it has examined the case service plan as provided in MCL 712A.18f. The court may order compliance

the court to state on the record that it examined the case service plan. The court's May 27, 2016 order states that the court did consider the case service plan, as well as petitioner's May 11, 2016 report. Accordingly, respondent's arguments are without merit.

Respondent raises a number of procedural arguments with respect to the August 22, 2016 dispositional review hearing. Respondent was incarcerated in a county jail at the time of the hearing. She first complains that she was not provided an opportunity to appear electronically at the hearing. MCR 3.975(E) provides that "[d]ispositional review hearings must be conducted in accordance with the procedures and rules of evidence applicable to the initial dispositional hearing." Thus, pursuant to MCR 3.973(D)(3), the court was permitted to proceed with the review hearing in respondent's absence provided proper notice was given. There is no allegation that respondent did not receive notice. She was represented by counsel, who appeared at the hearing and argued on respondent's behalf. Moreover, respondent has not demonstrated that her substantial rights were affected because of her absence. *In re Utrera*, 281 Mich App at 8-9. Indeed, reunification services were continued and the trial court cautioned petitioner that it needed to arrange for respondent's participation electronically at future hearings if respondent was unable to appear personally.[4]

Respondent also contends that the trial court failed to comply with the time requirements of MCR 3.975(C)(1), which provides that the court must conduct a dispositional review hearing not more than 182 days after the child's removal from the home. In the present case, the children were removed from the home on January 13, 2016, the adjudication trial was held on April 19, 2016, the initial dispositional hearing was conducted on May 23, 2016, and a review hearing was held on August 22, 2016. Accordingly, the time requirements of the court rule were satisfied.

Respondent also complains that no witnesses and exhibits were presented at the August 22, 2016 hearing. "[R]eview hearings must be conducted in accordance with the procedures and rules of evidence applicable to the initial dispositional hearing." MCR 3.975(E). For the reasons stated previously, respondent's argument that the court rule was violated because no witnesses and exhibits were presented at the review hearing is without merit. Respondent also contends that the court violated the court rule by not explicitly stating on the record that petitioner's report was filed with the court and was accessible to the parties. Although the record does not reflect that the report was offered into evidence, the court's order issued after the review hearing states that the court considered the case service plan, as well as petitioner's "addendum court report dated 6/13/16." The rule does not require the court to expressly state on the record that it was filed and made accessible to the parties, and there is no indication in the record that the report was not provided to respondent. Further, neither the court rule nor the related statute, MCL

---

with all or part of the case service plan and may enter such orders as it considers necessary in the interest of the child.

MCL 712A.18f(1) sets forth what the report must contain.

[4] Because respondent was not incarcerated under the jurisdiction of the Department of Corrections, MCR 2.004 did not apply.

-4-

712A.19(11), provides sanctions for their violation. "This Court will not impose sanctions that the Legislature and the Supreme Court have declined to impose." *In re Jackson*, 199 Mich App 22, 28-29; 501 NW2d 182 (1993). In addition, to the extent that the court failed to make a finding on the record, respondent did not object, thereby forfeiting the issue, *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000), and as explained earlier, respondent has not shown a plain error affecting her substantial rights. *In re Utrera*, 281 Mich App at 8-9.

Lastly, respondent argues that the trial court failed to state its findings under MCR 3.975(F)(1) and (F)(2) on the record. MCR 3.975(F)(1) and its related statute, MCL 712A.19(6), and MCR 3.975(F)(2) and its related statute, MCL 712A.19(7), prescribe procedures that a trial court must follow if a child is in foster care. On the record, the trial court must evaluate the case service plan and the parent's progress with services and must also consider any likely harm to the child if the child continues to be separated from his or her parent, guardian or custodian. MCR 3.975(F)(1); MCL 712A.19(6). The court must also decide the extent of the progress made toward alleviating or mitigating the conditions that caused the child to be, and to remain, in foster care. MCR 3.975(F)(2); MCL 712A.19(7).

The trial court did not state the findings required by MCR 3.975(F)(1) and (F)(2) on the record. However, the court's order makes the necessary findings, and the court rules and the statutes do not provide a sanction for the court's failure to state its findings on the record. Even assuming that the trial court erred by not stating its findings on the record, respondent did not object. Thus, respondent forfeited the issue, *Carter*, 462 Mich at 215, and because the necessary findings are contained in the court's order, she has failed to demonstrate that any error affected her substantial rights. *In re Utrera*, 281 Mich App at 8-9.

With respect to the November 21, 2016 dispositional review and permanency planning hearing, and the February 13, 2017 permanency planning hearing, respondent argues that the trial court did not state on the record its findings under MCR 3.976(E)(2).[5] Again, the court rule and the related statute, MCL 712A.19a(7), do not provide a sanction for the trial court's failure to state its findings on the record. Because respondent did not object, she forfeited this issue,

---

[5] MCR 3.976(E)(2) applies to permanency planning hearings and provides:

> At the conclusion of a permanency planning hearing, the court must order the child returned home unless it determines that the return would cause a substantial risk of harm to the life, the physical health, or the mental well-being of the child. Failure to substantially comply with the case service plan is evidence that the return of the child to the parent may cause a substantial risk of harm to the child's life, physical health, or mental well-being. In addition, the court shall consider any condition or circumstance of the child that may be evidence that a return to the parent would cause a substantial risk of harm to the child's life, physical health, or mental well-being.

*Carter*, 462 Mich at 215, and she fails to explain how she was prejudiced by the omitted findings. Thus, respondent has not demonstrated that any error affected her substantial rights.[6]

Respondent next complains that she was incarcerated at a known location and that no effort was made to have her appear electronically for a permanency planning hearing on January 16, 2018. A permanency planning hearing is conducted "to review the status of the child and the progress being made toward the child's return home or to show why the child should not be placed in the permanent custody of the court." MCL 712A.19a(3). There is no basis for concluding that the outcome would have been any different had respondent attended the hearing. The hearing did not result in the termination of respondent's parental rights, and the decision to file the supplemental petition was based on respondent's failure to participate in necessary services preceding the hearing, not her lack of attendance at the hearing. Indeed, the supplemental petition was filed before the hearing began. Respondent's attorney was present at the permanency planning hearing, did not request an adjournment, and argued on respondent's behalf. Respondent's attorney also requested that respondent be personally served with a copy of the supplemental petition, ensuring that she had adequate notice of any termination hearing. Thereafter, respondent participated in the termination hearing, and it was her decision to plead no contest to the allegations regarding the existence of the statutory grounds for termination. Under these circumstances, respondent has not shown a plain error affecting her substantial rights.

Affirmed.


/s/ Thomas C. Cameron
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause

---

[6] Respondent raises other arguments that we have previously considered and rejected. Similarly, respondent raises arguments with respect to the April 24, 2017 dispositional review and permanency planning hearing that we have previously considered and rejected.