*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. J. GILMORE, Minor.

UNPUBLISHED
May 07, 2026
11:18 AM

No. 376681
Shiawassee Circuit Court
Family Division
LC No. 24-014802-NA

Before: KOROBKIN, P.J., and RIORDAN and MARIANI, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to the minor child. He contends that the trial court erred in denying his request for an adjournment and in finding that termination was in the child's best interests. We disagree with respondent regarding the adjournment, but we agree, in part, regarding the trial court's best-interest determination. We therefore affirm in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND AND FACTS

The Department of Health and Human Services filed the petition in this matter requesting termination at initial disposition after it received allegations that respondent sexually abused the minor child, who was placed with her mother. While this case was pending and about a month before the termination trial, a jury convicted respondent of two counts of first-degree criminal sexual conduct. The child protective proceedings were adjourned seven times before respondent's termination hearing on July 18, 2025. Although no appeal had been filed or briefed at the time, respondent orally requested another adjournment until this Court could decide his criminal appeal because respondent's criminal attorney believed that his convictions may be overturned. Recognizing the speculative nature of respondent's request, as well as the child's need for finality, the trial court denied respondent's oral motion.

At the termination hearing, the trial court admitted the child's testimony from respondent's criminal trial under MRE 803(6). The child's caseworker read an excerpt of the testimony about the sexual abuse and testified that terminating respondent's parental rights was in the child's best interests. Respondent did not testify or present any witnesses. Ultimately, the trial court found

-1-

statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*) (sexual abuse and reasonable likelihood of further abuse if returned to parent), (j) (reasonable likelihood of harm if returned to parent), and (m) (parent convicted of specified crime and termination is in child's best interests), and it concluded that terminating respondent's parental rights was in the child's best interests. This appeal followed.

## II. ANALYSIS

### A. ADJOURNMENT

On appeal, respondent argues that the trial court abused its discretion by denying his motion to adjourn. We disagree.

We review for abuse of discretion a trial court's decision regarding a respondent's motion for an adjournment. *In re Jackson*, 199 Mich App 22, 28; 501 NW2d 182 (1993). "An abuse of discretion occurs if the decision falls outside the range of principled outcomes." *In re Piland*, 336 Mich App 713, 733; 972 NW2d 269 (2021).

MCR 3.923(G) provides that "[a]djournments of trials or hearings in child protective proceedings should be granted only (1) for good cause, (2) after taking into consideration the best interests of the child, and (3) for as short a period of time as necessary." *In re Utrera*, 281 Mich App 1, 10; 761 NW2d 253 (2008). A party establishes good cause for adjournment by demonstrating "a legally sufficient or substantial reason" to adjourn. *Id.* at 11 (quotation marks and citation omitted).

The trial court did not abuse its discretion in denying respondent's motion to adjourn. Respondent argues that there was good cause to adjourn based on his criminal attorney's belief that his criminal convictions may be overturned on appeal. But as the trial court recognized, respondent's argument was speculative at best. Mere speculation regarding the potential outcome of respondent's appeal did not constitute good cause to adjourn under MCR 3.923(G)(1). See *In re Utrera*, 281 Mich App at 11; see also *In re Patillo/Rious/Gee-Darden*, unpublished per curiam opinion of the Court of Appeals, issued June 14, 2012 (Docket No. 307558), p 2 (finding that the respondent failed to meet the good cause standard of MCR 3.923(G)(1) because "incarceration . . . was not a legally sufficient reason to adjourn" and because respondent's "speculation that she might have a job or housing when she was released from jail was not based on any supportable facts").[1] Further, the trial court properly took into consideration the best interests of the child, see MCR 3.923(G)(2), and reasonably concluded that those interests would not be served by an indefinite adjournment given the child's interest in finality. Accordingly, the trial court's decision did not fall "outside the range of principled outcomes" and the trial court therefore did not abuse its discretion when it denied respondent's motion to adjourn. *In re Piland*, 336 Mich App at 733.

---

[1] Unpublished decisions are not precedentially binding. MCR 7.215(C)(1). However, they may provide persuasive value. See *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 497 Mich 337, 356 n 50; 871 NW2d 136 (2015).

## B. BEST INTERESTS

Respondent also contends that the trial court erred in finding that it was in the child's best interests to terminate respondent's parental rights. We agree, in part, because the trial court failed to consider the child's placement with a relative as weighing against termination, and we accordingly remand for further proceedings.

"Once a statutory ground for termination has been proven,[2] the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review a trial court's best-interest determination for clear error. *In re Baham*, 331 Mich App 737, 751; 954 NW2d 529 (2020). A clear error "exists when some evidence supports a finding, but a review of the entire record leaves the reviewing court with the definite and firm conviction that the lower court made a mistake." *Id*. (quotation marks omitted).

"When determining whether termination is in the best interests of the child, the court should place its focus on the child rather than the parent." *In re CJM*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367565); slip op at 4 (quotation marks and citation omitted). Trial courts should weigh all available evidence to determine what is in the child's best interests. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). In doing so, courts consider

> the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*Id*. at 713-714 (quotation marks and citation omitted).]

"[A] child's placement with relatives is a factor that the trial court is required to consider when making its best-interests determination, and a child's placement with relatives weighs against termination." *In re Mota*, 334 Mich App 300, 321; 964 NW2d 881 (2020) (quotation marks and citations omitted).

In this appeal, we disagree with respondent's argument that the trial court erred in its best-interest determination because it did not have sufficient evidence to adequately consider the child's bond with respondent. The child's caseworker testified to the child's description of being sexually abused by respondent and the child not feeling safe with respondent. This record was sufficient for the trial court to adequately consider the parent-child bond.

We likewise disagree with respondent's argument that the trial court improperly relied on the caseworker's testimony because she was not qualified as an expert witness. The caseworker

---

[2] Respondent does not challenge on appeal the trial court's finding that there were statutory grounds for termination.

testified as a lay witness, not as an expert, because she discussed observations she made and opinions she developed while working directly with the child. See MRE 701.

We agree with respondent, however, that the trial court failed to give proper consideration to the child's placement with her mother. Although the fact that a child is placed with a relative is not dispositive and a trial court " 'may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests,' " *In re Atchley*, 341 Mich App 332, 347; 990 NW2d 685 (2022), quoting *In re Olive/Metts*, 297 Mich App at 43, courts are nonetheless "required to expressly consider [a child's] placement with [a relative] as weighing against termination" when making best-interest determinations, *In re CJM*, ___ Mich App at ___; slip op at 5. The trial court here failed to do so. The court communicated, at best, a generalized statement regarding the child's placement, stating that "[t]he child is with her biological mother and is being cared for there." But there was no specific finding as to how this placement factored into the trial court's best-interest determination nor did the trial court expressly consider it as weighing against the termination of respondent's parental rights. "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *In re Boshell/Shelton*, ___Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 371973); slip op at 10 (quotation marks and citation omitted). Consequently, the factual record here was inadequate to support a best-interest determination because it failed to account for the child's placement with her mother. See *id.* Therefore, the trial court clearly erred and further proceedings are required. On remand, the trial court may make additional findings of fact as needed and must then reconsider whether termination is in the best interests of the child, expressly considering the child's placement with her mother as weighing against termination.

## III. CONCLUSION

For the reasons stated, we affirm in part and vacate in part. The trial court did not abuse its discretion in denying respondent's motion to adjourn. But the trial court clearly erred in not expressly considering the child's placement with her mother as weighing against termination. Accordingly, the trial court's best-interest determination is vacated and the case remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Daniel S. Korobkin
/s/ Michael J. Riordan
/s/ Philip P. Mariani

# Court of Appeals, State of Michigan

## ORDER

Daniel S. Korobkin
Presiding Judge

IN RE A J GILMORE MINOR

Michael J. Riordan

Docket No.    376681

LC No.        24-014802-NA

Philip P. Mariani
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 14 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. As stated in the accompanying opinion, the trial court must reconsider whether the termination of respondent's parental rights is in the child's best interests in light of the child's placement with her mother. The proceedings on remand are limited to this issue.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry. Either party may submit a supplemental brief on the issue of best interests within 21 days after the conclusion of the remand proceedings.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

May 07, 2026
Date

Chief Clerk