*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RG, Minor.

UNPUBLISHED
May 18, 2023

No. 363618
Genesee Circuit Court
Family Division
LC No. 22-138342-NA

Before: PATEL, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Respondent-father appeals by right the trial court's order authorizing a petition requesting the termination of his parental rights to his daughter, RG; removing RG from his custody; and ordering that no reasonable efforts be made to preserve or reunify the family.[1] We affirm.

## I. FACTUAL BACKGROUND

This case arose because of alleged sexual abuse of RG when she was three years old. Child Protective Services received allegations that respondent sexually abused RG. Petitioner, the Department of Health and Human Services (DHHS), began an investigation. RG disclosed in a forensic interview and to several other individuals that respondent had been sexually abusing her. A doctor performed a medical examination but did not discover any physical findings of sexual abuse. RG, however, told the doctor that respondent had sexually abused her and pointed to her vagina and anus to show where respondent had touched her with his penis. DHHS filed a petition requesting that the court take jurisdiction under MCL 712A.2(b)(1) (child subjected to substantial risk of harm) and (2) (unfit home environment). DHHS also sought removal of RG from respondent's custody and termination of his parental rights at the initial disposition.

At the preliminary hearing, a DHHS caseworker testified regarding the DHHS investigation and the allegations in the petition. The trial court found that DHHS made reasonable efforts to prevent removal by conducting an investigation and completing a forensic interview, and

---

[1] RG's mother is not a respondent or party to this appeal. Accordingly, all references to "respondent" refer to respondent-father.

that it was contrary to RG's welfare to remain in respondent's custody due to RG's allegations of sexual abuse. The trial court found probable cause that one or more of the allegations in the petition were true and that placement with respondent presented a substantial risk of harm to RG's life, physical health, and mental well-being. The trial court also found that no service or other arrangement was reasonably available to adequately safeguard RG from the risk of harm, that RG's placement with her mother would protect RG from risk of harm, and that no reasonable efforts to preserve or reunify the family would be made because it was detrimental to RG's health and safety. The court authorized the petition, removed RG from respondent's custody, placed RG with her mother, and ordered that no reasonable efforts be made by DHHS to preserve or reunify the family. This appeal followed.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's discretionary decision to authorize a petition to initiate child protective proceedings. See *In re Jackson*, 199 Mich App 22, 25; 501 NW2d 182 (1993) (explaining this Court reviews for an abuse of discretion a trial court's discretionary rulings). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *In re COH*, 495 Mich 184, 202; 848 NW2d 107 (2014). We review de novo the trial court's interpretation and application of statutes and court rules. *In re Sanders*, 495 Mich 394, 403; 852 NW2d 524 (2014). We review for clear error the factual findings underlying a legal issue, and a finding is clearly erroneous if a review of the record leaves this Court with a definite and firm conviction that a mistake was made. *In re McCarrick/Lamoreaux*, 307 Mich App 436, 463; 861 NW2d 303 (2014). "Further, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

## III. ANALYSIS

Respondent first argues that the trial court erred by authorizing the petition. We disagree.

When DHHS petitions the court to take jurisdiction in a child protection matter, "the trial court must hold a preliminary hearing and may authorize the filing of the petition upon a finding of probable cause that one or more of the allegations are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b)." *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019); see also MCR 3.965(B)(12). MCL 712A.2 provides in relevant part:

> The court has the following authority and jurisdiction:
>
> * * *
>
> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or

her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship . . . .

* * *

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in . . . .

The trial court did not clearly err by finding probable cause existed to believe that RG faced a substantial risk of harm in respondent's custody and that respondent's home was an unfit environment. MCL 712A.2(b)(1) and (2) provided grounds for authorization of the petition. In this case, RG disclosed in a forensic interview, in a medical examination, and to several other individuals that she had been sexually abused by respondent. Accordingly, the trial court did not clearly err by finding probable cause to believe that respondent engaged in conduct falling within MCL 712A.2(b)(1) and (2), and the trial court, therefore, did not abuse its discretion by authorizing the petition.

Respondent also argues that the trial court erred by removing RG from his custody. We disagree.

"At the preliminary hearing, the court must decide whether to authorize the filing of the petition and, if authorized, whether the child should remain in the home, be returned home, or be placed in foster care pending trial." *In re Benavides*, 334 Mich App 162, 167; 964 NW2d 108 (2020) (quotation marks and citation omitted). MCR 3.965(C) provides, in relevant part:

(2) The court may order placement of the child into foster care if the court finds all of the following:

(a) Custody of the child with the parent presents a substantial risk of harm to the child's life, physical health, or mental well-being.

(b) No provision of service or other arrangement except removal of the child is reasonably available to adequately safeguard the child from the risk as described in subrule (a).

(c) Continuing the child's residence in the home is contrary to the child's welfare.

(d) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.

(e) Conditions of child custody away from the parent are adequate to safeguard the child's health and welfare.

To order removal of a minor child, the trial court "must make explicit findings that it is contrary to the welfare of the child to remain at home, MCR 3.965(C)(3), and reasonable efforts to prevent the removal of the child have been made or that reasonable efforts to prevent removal are not

-3-

required, MCR 3.965(C)(4)." *Benavides*, 334 Mich App at 168 (quotation marks omitted). "The 'preponderance of the evidence' standard applies to cases where the court is merely assuming jurisdiction over the child and not terminating the parent's rights in that child." *In re Williams*, 333 Mich App 172, 183; 958 NW2d 629 (2020) (quotation marks and citation omitted).

In this case, respondent's alleged sexual abuse of RG demonstrated that RG faced a substantial risk of harm if not removed from respondent's custody. MCR 3.965(C)(2)(a). RG's allegations also provided a sufficient factual basis to establish that remaining in respondent's custody would be contrary to RG's welfare. MCR 3.965(C)(2)(c); MCR 3.965(C)(3). Because this case is based on accusations of sexual abuse, separation from respondent was the only provision reasonably available to alleviate the risk of harm to RG. MCR 3.965(C)(2)(b). Further, in the face of the severity of the allegations, the investigation and the forensic interview constituted reasonable efforts to avoid removal. MCR 3.965(C)(2)(d); MCR 3.965(C)(4). Finally, because RG was placed with her mother and no allegations are asserted against RG's mother, the conditions were adequate to safeguard RG. MCR 3.965(C)(2)(d).

Respondent also argues that the trial court erred by ordering that no reasonable efforts be made to preserve or reunify the family. We disagree.

DHHS is obligated to make reasonable efforts to reunify the family in *all* cases except those cases involving an aggravated circumstance listed in MCL 712A.19a(2). *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). "Under MCL 712A.19a(2)(a), there must be a judicial determination that the parent has subjected the child to aggravated circumstances before [DHHS] is excused from making reasonable efforts." *In re Smith-Taylor*, 509 Mich 935, 935; 971 NW2d 657 (2022) (quotation marks omitted). Aggravated circumstances are defined in MCL 722.638 and include a parent's "[c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate" the child. MCL 722.638(1)(a)(*ii*). The trial court must articulate its factual finding based on clear and convincing evidence that aggravated circumstances exist such that services are not required. MCL 712A.19a(2)(a); MCR 3.977(E), (I).

The trial court did not clearly err by finding that no reasonable efforts to preserve or reunify the family would be made because it was detrimental to RG's health and safety. RG disclosed that respondent had sexually abused her in several ways, and such allegations constitute an aggravated circumstance under MCL 712A.19a(2). See MCL 712A.19a(2); MCL 722.638(1)(a)(*ii*). The record contains clear and convincing evidence that respondent sexually abused RG. A DHHS caseworker testified that RG disclosed during a forensic interview and to several other individuals that respondent sexually abused her. The caseworker further testified that while RG's medical examination did not reveal any physical findings of sexual abuse, her disclosures of sexual abuse had been consistent throughout the course of the investigation. RG's allegations were included in DHHS's petition, all of which were detailed, specific, and consistent with one another. A parent's sexual abuse of a child places that child in substantial risk of harm if he or she were to remain in that parent's custody and care or be placed back into that parent's care. Given the severity of RG's

allegations, it was not unreasonable for the trial court to find that DHHS was not obligated to make reasonable efforts to preserve or reunify the family.  See *Smith-Taylor*, 509 Mich at 935.

Affirmed.

/s/ Sima G. Patel
/s/ Mark J. Cavanagh
/s/ James Robert Redford